· M. V. MENDENHALL, Appellant, v. JOSHUA PRICE,
Appellee.

Title to Land: ADVERSE POSSESSION: STATUTE OF LIMITATIONS. In an
action for the possession of certain lands it appeared that the plain-
tiff's father entered into a written contract with him, in April, 1864,
to convey to him certain land upon certain conditions. This contract
was never recorded, but in 1884 the father conveyed the land to the
son by warranty deed. In October, 1864, the father conveyed the.
land to N., and the deed was at once recorded, and N., or those claim
ing under him, have held absolute, exclusive and notorious possession
ever since the spring of 1865. The plaintiff from time to time sought
to recover the land, but only in an unlawful manner. *Held*, that the
action was barred by the statute of limitations.

*Appeal from Mahaska District Court.*—HON. DAVID
RYAN, Judge.

WEDNESDAY, MAY 17, 1893.

THIS action involves the title to a certain tract of
land. The plaintiff claims to be the owner by reason
of an agreement in writing entered into between him-
self and E. Mendenhall on the second day of April,
1864, and a deed of general warranty executed by said
E. Mendenhall on the fifteenth day of February, 1884.
The defendant claims title under a conveyance made
by E. Mendenhall to one William D. Neeley on the
fourth day of October, 1864, and several intermediate
conveyances down to the defendant. The cause was·
tried in equity, and there was a decree for the defend-·
ant. The plaintiff appeals.—*Affirmed.*

*Liston McMillen*, for appellant.

*John F. Lacey*, for appellee.

ROTHROCK, J.—The written agreement, which is.
the basis of the action, is as follows:

"This agreement, made the second day of April, 1864, between M. V. Mendenhall and his father, E. Mendenhall, both of the state of Iowa, and Mahaska county, witnesseth that, in accordance with an agreement made the second day of April, 1864, M. V. Mendenhall agrees to take his mother, his brother, his sister, and take care of them, to provide them with a living as best he can; to take each of the children till they are of age, or have other homes; also to pay the debt now on the farm; then this contract to expire. To be fulfilled, and the said Mendenhall, in consideration of the fulfillment of this contract, gives his son, M. V. Mendenhall, his farm, consisting of one hundred and sixty acres, in the state of Iowa, and Mahaska county, giving him possession this second day of April, 1864, to be and to have possession from this date; to have the help of the boys as they become old enough to work; also to have the stock now on the farm; also the farming implements now on the farm. When this contract is fulfilled, then the above mentioned M. V. Mendenhall is to have a deed in full of the above mentioned farm. In witness whereof we have hereunto set our hands the day and year above written.

"M. V. MENDENHALL.
"Witnesses:                    "E. MENDENHALL.
    "DENNIS V. ARCHER.
    "J. F. WHITE."

This contract has never been recorded. The conveyance of the land under which the defendant claims was made by E. Mendenhall to Neeley, and filed for record on the fourth day of October, 1864. It appears from the record that in July or August, 1864, E. Mendenhall and his wife separated, and ceased to live together, and were divorced. His wife moved off the land in the spring of the year 1865, and one Engles, the grantee of Neeley, took possession of the premises. The evidence is absolutely conclusive that from that

time the defendant and those under whom he claims have held absolute and exclusive possession of the land. It is true that the plaintiff has at various times attempted to take possession, but his acts have been mere trespasses upon the possession. He brought an action to recover the land in the year 1884, which was dismissed without prejudice. He alleged in the petition in that action that those under whom the defendant claims had deprived plaintiff of the use of the land from January 3, 1872. The fact is, the deprivation of the use was actual, notorious, visible, and continuous, with all the elements necessary to constitute adverse possession. We need not review the evidence. It is enough to say that the claim of the plaintiff is shown beyond all question to be barred by the statute of limitations.

The decree of the district court is AFFIRMED.